# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM J. KAMBIC, JR.<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A. and THE SAYER LAW GROUP, PC.,<br><br>    Defendants. | Case No. 3:20-cv-00120-SLG |
| WELLS FARGO BANK, N.A.,<br><br>Counterclaimant,<br><br>v.<br><br>WILLIAM J. KAMBIC, JR. and JUANITA M. SUAREZ, a/k/a JUANITA MENDIOLA, a/k/a JUANITA KAMBIC,<br><br>Counterclaim Defendants. | |

## ORDER RE MOTION TO STAY DISTRICT COURT ACTION

Before the Court at Docket 17 is Plaintiff and Counterclaim Defendant William J. Kambic, Jr.'s Motion to Stay District Court Action. Defendant and Counterclaimant Wells Fargo Bank, N.A.'s ("Wells Fargo") opposition is at Docket 22. Mr. Kambic did not file an optional reply within the seven days permitted by

Local Civil Rule 7.2(b)(2). Oral argument was not requested and was not necessary to the Court's decision.[1]

## BACKGROUND

On May 2, 2019, Mr. Kambic filed a Complaint for Declaratory and Injunctive Relief and Damages in the Superior Court for the State of Alaska in the Third Judicial District at Anchorage.[2] The Complaint stated six state-law claims against Defendants Wells Fargo and The Sayer Law Group ("Sayer") based on the foreclosure of property owned by Mr. Kambic in Chugiak, Alaska: (1) Breach of Fiduciary Duty by Sayer, (2) Breach of Fiduciary Duty by Wells Fargo, (3) Violation of Alaska Foreclosure Statutes, (4) Quiet Title, (5) Negligent Misrepresentation, and (6) Intentional Misrepresentation.[3] On May 4, 2020, Mr. Kambic moved to amend the Complaint to add an additional claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*[4] The Superior Court granted this motion on May 14, 2020,[5] and Mr. Kambic's First Amended Complaint ("FAC") was filed on May 21, 2020.[6]

---

[1] Also pending before the Court at Docket 13 is Wells Fargo's motion for judgment on the pleadings, which will be addressed in a separate order.

[2] Docket 16 at 8 (State Court Record). The state court case number is 3AN-19-06733CI.

[3] Docket 16 at 10–14.

[4] Docket 16 at 83.

[5] Docket 16 at 115.

[6] Docket 16 at 117.

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 2 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 2 of 7

Wells Fargo filed a Notice of Removal to this Court on May 28, 2020, stating that the new TILA claim fell within this Court's federal question jurisdiction.[7] The Notice of Removal further maintained that the remaining state law claims fall within this Court's supplemental jurisdiction, since they "arise out of a common scheme involving the same transactions and property as the TILA claim."[8]

On June 10, 2020, Mr. Kambic filed the instant motion, in which he requests that proceedings in this Court be stayed "until the action between the litigants is adjudicated or resolved in the Alaska State Superior Court."[9] Mr. Kambic "requests that the trial of this matter proceed in State Court and if [he] is successful and the State Court defers is [sic] concurrent jurisdiction, the seventh cause of action as to TILA violations could be tried with minimal expense and time incurred by [this Court]."[10]

The Court interprets Mr. Kambic to be asking for one of two things: either for the Court to remand the entire action back to the Superior Court or for the Court to decline to exercise supplemental jurisdiction over Mr. Kambic's state law claims

---

[7] Docket 2; *see also* 28 U.S.C. § 1331. The Removal Notice states that "[t]he foreclosure trustee, [Defendant] Sayer Law Group, P.C., consents to removal." Docket 2 at 5.

[8] Docket 2 at 4; *see also* 28 U.S.C. § 1367(a).

[9] Docket 17 at 1.

[10] Docket 17 at 4.

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 3 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 3 of 7

and stay the proceedings on the TILA claim until the state law claims are resolved in the state court.

To the extent that Mr. Kambic seeks for this Court to remand the TILA claim, the Court lacks the authority to do so.[11] As Mr. Kambic acknowledges, the TILA claim falls within the Court's federal question jurisdiction.[12] And, as Wells Fargo convincingly argues,[13] "[f]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."[14] Mr. Kambic correctly maintains that he is the master of the case and could have "cho[sen] to ignore the federal question, assert only state claims, and defeat removal."[15] However, having done the opposite and chosen to amend his complaint to add a federal claim, the Court must retain jurisdiction over the TILA claim, provided it was properly removed, an issue discussed below.

The Court further concludes that the exercise of supplemental jurisdiction over Mr. Kambic's six state law claims is appropriate. "District courts have

---

[11] Docket 17 at 2.

[12] Docket 17 at 1; *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (noting that TILA claim fell within jurisdictional grant of 28 U.S.C. § 1331).

[13] Docket 22 at 12 (quoting *Mincy v. Staff Leasing, L.P.*, 100 F. Supp. 2d 1050, 1053 (D. Ariz. 2000) ("[O]nce the Court has original jurisdiction over a claim, there is no statutory authorization to remand such a federal law claim to the state court.")).

[14] *City of Vista v. Gen. Reins. Corp.*, 295 F. Supp. 3d 1119, 1124 (S.D. Cal. 2018) (alteration in original) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)).

[15] Docket 17 at 3 (citing *Ultramar Am., Ltd. v. Dwelle*, 900 F.2d 1412, 1412–14 (9th Cir. 1990), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998)).

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 4 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 4 of 7

discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact."[16] When determining whether to exercise supplemental jurisdiction, "[t]he court must weigh 'considerations of judicial economy, convenience and fairness to the litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.'"[17] The parties do not dispute that all seven claims in this case derive from the same discrete set of facts concerning their financial dealings and the foreclosure of Mr. Kambic's property.[18] And the Court agrees with Wells Fargo that declining supplemental jurisdiction over the state law claims would create duplicitous proceedings in the Superior Court, which would not promote judicial economy,

---

[16] *Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir. 1995), *as amended* (July 10, 1995); *see also* 28 U.SC. § 1367(a) (establishing supplemental jurisdiction).

[17] *Id.* (quoting *Utd. Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  District courts may also decline supplemental jurisdiction over state law claims that "substantially predominate[] over the claim . . . over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2); *accord Hoeck*, 47 F.3d at 785 ("If 'state issues substantially predominate, . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals.'" (omission in original) (quoting *Gibbs*, 383 U.S. at 726–27)).  Mr. Kambic's assertion that the TILA claim "piggybacks upon the State Court claims" does not demonstrate to the Court's satisfaction that the state court claims substantially predominate over the TILA claim.  *See* Docket 17 at 3–4.

[18] *See* Docket 17 at 2 ( "The TILA cause of action is derived from the same nexus of facts that meet the elements of the first six causes of action" in the FAC.);  *see also* Docket 17 at 4 (stating that TILA claim "needs little to no further factual development once the six State causes of action are established"); *see also Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1204 (S.D. Cal. 2009) ("Here, the Court may properly exercise supplemental jurisdiction over Plaintiff's state law claims because Plaintiff's state and federal claims [including a TILA claim] derive from a common nucleus of operative fact: Wells Fargo's loan to Plaintiff, and its alleged refusal to subsequently modify that loan.").

Case No. 3:20-cv-00120-SLG*, Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 5 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 5 of 7

convenience, or fairness to the parties.[19]  Accordingly, the Court will exercise its supplemental jurisdiction over the six claims in the FAC that arise under Alaska law.[20]

Finally, Mr. Kambic contends that the case should be remanded to the Superior Court because Wells Fargo's Notice of Removal was untimely.[21]  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[22]  However,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[23]

Mr. Kambic does not contend that the initial May 2, 2019 Complaint was removable.  Instead, he argues that "Defendants were on notice that the Amended Complaint contained the subject TILA cause of action as early as February 25, 2020," and that Wells Fargo's May 28, 2020 Notice of Removal was therefore

---

[19] Docket 22 at 19–20.

[20] *See* Docket 16 at 122–28, ¶¶ 33–75 (FAC).

[21] Docket 17 at 4–5.

[22] 28 U.S.C. § 1446(b)(1).

[23] 28 U.S.C. § 1446(b)(3); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 884–85 (9th Cir. 2010) (describing timeliness for removal proceedings).

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 6 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 6 of 7

untimely.[24] The state court record, however, shows that Mr. Kambic did not move to file the FAC until May 4, 2020.[25] Mr. Kambic does not provide a citation to the February 25, 2020 document that he maintains gave notice of the TILA claim, nor does he explain the nature of that document. The earliest date in this record on which Wells Fargo could have ascertained that the case was removable was Mr. Kambic's May 4, 2020 motion to file the FAC. Since the May 28, 2020 Notice of Removal was filed within 30 days of that date, the Court finds that it was timely.

## CONCLUSION

In light of the foregoing, Plaintiff and Counterclaim Defendant's Motion to Stay District Court Action at Docket 17 is DENIED.

DATED this 14th day of July, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[24] Docket 17 at 4–5.

[25] Docket 16 at 6 (Docket Report); Docket 16 at 83 (May 4, 2020 motion to file amended complaint).

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo, et al.*
Order re Motion to Stay District Court Action
Page 7 of 7
Case 3:20-cv-00120-SLG   Document 32   Filed 07/14/20   Page 7 of 7