# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

WILLIAM J. KAMBIC, JR.

               Plaintiff,

     v.

WELLS FARGO BANK, N.A. and
THE SAYER LAW GROUP, P.C.,

               Defendants.

Case No. 3:20-cv-00120-SLG

WELLS FARGO BANK, N.A.,

Counterclaimant,

v.

WILLIAM J. KAMBIC, JR.,

Counterclaim Defendant.[1]

## ORDER RE MOTION FOR JUDGMENT ON THE PLEADINGS ON FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c)

Before the Court at Docket 13 is Defendant and Counterclaimant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Judgment on the Pleadings on First Amended Complaint Pursuant to Fed. R. Civ. P. 12(c). Plaintiff and Counterclaim Defendant William J. Kambic, Jr.'s opposition is at Docket 19. Wells Fargo's reply

---

[1] The Court has amended the caption as set forth herein to remove Juanita Suarez as a counterclaim defendant. See Order at Docket 37.

is at Docket 24. Oral argument was not requested and was not necessary to the Court's decision.

**BACKGROUND**

**1.    Procedural History**

On May 2, 2019, Mr. Kambic filed a Complaint for Declaratory and Injunctive Relief and Damages in the Superior Court for the State of Alaska in the Third Judicial District at Anchorage.[2]  The Complaint alleged six state-law claims against Defendants Wells Fargo and The Sayer Law Group, P.C. ("Sayer") based on the foreclosure of property owned by Mr. Kambic in Chugiak, Alaska:  (1) Breach of Fiduciary Duty by Sayer, (2) Breach of Fiduciary Duty by Wells Fargo, (3) Violation of Alaska Foreclosure Statutes, (4) Quiet Title, (5) Negligent Misrepresentation, and (6) Intentional Misrepresentation.[3]  On February 20, 2020, Wells Fargo moved to dismiss Claims 2, 4, 5, and 6 for failure to state a claim pursuant to Alaska Rule of Civil Procedure 12(b)(6).[4]  On April 22, 2020, the Superior Court granted the motion in part, dismissing Mr. Kambic's quiet title claim but allowing the remainder of the claims to proceed.[5]

---

[2] Docket 16 at 8 (State Court Record).  The relevant case number in the Superior Court was 3AN-19-06733CI.

[3] Docket 16 at 10–14.

[4] Docket 16 at 34.

[5] Docket 16 at 74–82.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 2 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 2 of 27

On May 4, 2020, Mr. Kambic filed two motions: one to amend the Complaint[6] and the other for the Superior Court to reconsider its order dismissing the quiet title claim.[7] With the Superior Court's approval,[8] Mr. Kambic filed his First Amended Complaint ("FAC") on May 21, 2020, which added a claim against Wells Fargo for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*[9] The Superior Court also granted Mr. Kambic's Motion for Reconsideration, allowing the quiet title claim to proceed because the FAC alleged that Mr. Kambic was in possession of the property at issue.[10]

Wells Fargo removed the action to this Court on May 28, 2020.[11] The Court subsequently denied Mr. Kambic's request for remand to the Superior Court, finding that Wells Fargo had properly removed the case, that the Court had federal question jurisdiction over Mr. Kambic's TILA claim, and that the exercise of supplemental jurisdiction over the remaining state-law claims was appropriate.[12]

---

[6] Docket 16 at 83.

[7] Docket 16 at 105.

[8] *See* Docket 16 at 115.

[9] Docket 16 at 117–130.

[10] Docket 16 at 131; *see also* Docket 16 at 127, ¶ 64 ("Plaintiff is currently and has always been in possession of the real property at issue . . . ."). The FAC also added an alternative claim for ejectment, should Wells Fargo be found to be in possession of the property. Docket 16 at 127, ¶ 65.

[11] Docket 2.

[12] Docket 32. Mr. Kambic's motion requested that this Court stay proceedings on the TILA claim pending the Superior Court's resolution of the state-law claims. *See* Docket 17. The Court "interpret[ed] Mr. Kambic to be asking for one of two things: either for the Court to remand the

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 3 of 27

## 2. Factual Background

The facts, as alleged in the FAC, are as follows:  On October 29, 2007, Mr. Kambic "entered into a Line of Credit Promissory Note" with Wells Fargo "that was secured by [property in Chugiak, Alaska] through a Deed of Trust."[13]  "Due to a divorce in California and business problems, [Mr. Kambic] began to talk with Wells Fargo's Castro Valley, California branch about refinancing the Note in the summer of 2018," and was informed that he would have to submit a "Mortgage Assistance Application."[14]  On October 18, 2018, "the employee(s) at the Wells Fargo's Castro Valley, California branch filed [sic] out the Mortgage Assistance Application for [Mr. Kambic] and had him execute [the] same as they were aware that [Mr. Kambic] was having a hard time with the process."[15]  The Castro Valley Wells Fargo branch eventually informed Mr. Kambic "that a deal had been worked out to refinance the [Chugiak property] and the loan reduction/modification had been put in place in the form of a 30-year fixed mortgage."[16]

---

entire action back to the Superior Court or for the Court to decline to exercise supplemental jurisdiction over Mr. Kambic's state law claims . . . ."  Docket 32 at 3.

[13] Docket 16 at 118, ¶ 6.

[14] Docket 16 at 118, ¶ 8–9.

[15] Docket 16 at 118–19, ¶ 10.

[16] Docket 16 at 119, ¶ 12.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 4 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 4 of 27

Separately, Sayer recorded a Notice of Default for Mr. Kambic's 2007 Promissory Note on September 4, 2018.[17]   The Notice of Default "advised that Sayer might be a debt collector and might need to comply with the FDCPA."[18] Although Wells Fargo and Sayer "knew or should have known [Mr. Kambic] was living in Castro Valley, California" at the time, a copy of the Notice of Default was not served on Mr. Kambic's California residence.[19]   Instead, the notice was only served on the Chugiak property.[20]  As a result, Mr. Kambic did not receive actual notice that the Chugiak property would be foreclosed upon and was not able to take steps to preserve his interest in the property.[21]  Although a foreclosure sale has occurred, Mr. Kambic alleges that he has retained "possession and control of the real property" at issue.[22]

The FAC alleges that Wells Fargo used knowledge it acquired during the process of refinancing Mr. Kambic's debt "to prevent [Mr. Kambic] from knowing that Wells Fargo was foreclosing on his real property in Chugiak" and "to acquire title to the real property at issue . . . and to prevent [Mr. Kambic] from keeping his

---

[17] Docket 16 at 119, ¶ 11.

[18] Docket 16 at 121, ¶ 24.

[19] Docket 16 at 121, ¶¶ 25, 28.

[20] Docket 16 at 122, ¶ 29.

[21] Docket 16 at 120–22, ¶¶ 18–20, 26, 29.

[22] Docket 16 at 122, ¶ 32; *see also* Docket 15 at 68–69 (Trustee's Deed stating that the sale occurred on December 3, 2018).

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 5 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 5 of 27

title to the property."[23]   The FAC pleads seven claims based on these facts:  (1) breach of fiduciary duty by Sayer, (2) breach of fiduciary duty by Wells Fargo, (3) violation of Alaska foreclosure statutes, (4) quiet title or ejectment, (5) negligent misrepresentation, (6) intentional misrepresentation, and (7) violation of TILA.[24] On June 4, 2020, Wells Fargo filed the instant Motion for Judgment on the Pleadings, seeking dismissal of Claims 2, 4, 5, and 6, as pled in the FAC.[25]

## LEGAL FRAMEWORK

In this removed action, the Court applies substantive state law to Mr. Kambic's state-law claims and federal law to procedural issues.[26]   Therefore, the Federal Rules of Civil Procedure apply to the FAC and govern Wells Fargo's motion.[27]   Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."   "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)

---

[23] Docket 16 at 120, ¶¶ 16, 20.

[24] Docket 16 at 122–29, ¶¶ 33–82.  The FAC requests declaratory and injunctive relief; actual, punitive, and statutory damages; full fees and costs; and any "further relief as this Court may deem just under the circumstances."  Docket 16 at 129–30.

[25] Docket 13; *see* Docket 16 at 123–128, ¶¶ 38–58, 62–75.

[26] *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ("[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction.").

[27] *See* Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."); *Wendell v. Johnson & Johnson*, No. 09-cv-04124-CW, 2010 WL 271423, at *2 (N.D. Cal. Jan. 20, 2010) (explaining that "federal law, not state law, governs the specificity that Plaintiffs must plead in order to survive a 12(b)(6) motion" in a removed case).

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 6 of 27

and . . . 'the same standard of review' applies to motions brought under either rule."[28]

Under this standard, the Court considers only the pleadings and documents incorporated into them by reference, as well as matters on which the Court may take judicial notice.[29] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[30] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] At this stage of review, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[32]

If a court dismisses a claim after this inquiry, it must generally grant the plaintiff leave to amend, unless amendment would be futile.[33] In determining

---

[28] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

[29] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). Also before the Court at Docket 15 is Wells Fargo's Motion for Judicial Notice of Documents in Support of Motion for Judgment on the Pleadings on First Amended Complaint Pursuant to Fed. R. Civ. P. 12(c). That motion is GRANTED, and the Court takes judicial notice of the documents therein, which consist largely of documents referenced in the FAC and the Superior Court record, for the purpose of deciding Wells Fargo's motion for judgment on the pleadings.

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[31] *Id.* (citing *Twombly*, 550 U.S. at 556).

[32] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[33] *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 7 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 7 of 27

whether an amendment would be futile, the court examines whether the complaint could be amended to cure the defect in question "without contradicting any of the allegations of [the] original complaint."[34]

## DISCUSSION

### 1.    Claim 2: Breach of Fiduciary Duty

Wells Fargo seeks dismissal of Mr. Kambic's claim against it for breach of fiduciary duty, arguing that he has failed to plead facts sufficient to show that a fiduciary relationship existed between it and Mr. Kambic.[35]  Under Alaska law,

> [A] fiduciary relationship "exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence." "Fiduciary relationships are generally defined by a level of trust beyond that in ordinary business relationships," and "[l]oyalty and the disavowal of self interest are hallmarks of the fiduciary's role."[36]

Whether a fiduciary duty exists is a legal question,[37] but the duty can be demonstrated by facts that establish its predicate elements.[38]

---

1990).

[34] *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

[35] Docket 13 at 8–11; Docket 24 at 4–6.

[36] *Dapo v. State*, 454 P.3d 171, 179–80 (Alaska 2019) (second alteration in original) (quoting *Williams v. Baker*, 446 P.3d 336, 340 (Alaska 2019)).

[37] *Williams¸* 446 P.3d at 339 n.7 ("Whether a fiduciary relationship exists is a legal question . . . .").

[38] *See, e.g., id.* at 340 ("The factual findings supported by the record do not establish the existence of such a [fiduciary] relationship between Deverette and Baker.").

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 8 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 8 of 27

Mr. Kambic's claim rests on his relationship with Wells Fargo as borrower and lender pursuant to a deed of trust.[39] The FAC alleges that "Wells Fargo owes a limited fiduciary duty to plaintiff when it started the foreclosure at issue herein, a mortgagee is a trustee for the mortgagor and is required to act in good faith and with absolute fairness to the mortgagor."[40] Wells Fargo contends that this statement is not sufficient to plead the existence of a fiduciary duty because no such duty "arises from a debtor-creditor relationship, and therefore, lenders do not owe borrowers a fiduciary duty except in extraordinary cases."[41]

Although the Alaska Supreme Court has not addressed this question in a precedential opinion, Wells Fargo maintains that it is the law "in many jurisdictions" that lenders and borrowers operate at arm's length.[42] In California, for example, "[a]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of

---

[39] Although Mr. Kambic's loan is secured by a deed of trust, the parties in this case refer to themselves as mortgagor and mortgagee and cite law governing the mortgagor-mortgagee relationship. But the difference between these two instruments does not affect the Court's analysis; Alaska law does not meaningfully distinguish between a deed of trust and a mortgage, and the Alaska Supreme Court has explained that "[a] deed of trust is 'a mortgage in effect,' being only a somewhat different device for accomplishing the same purpose, creating a security interest in land." *Brand v. First Fed. Sav. & Loan Ass'n of Fairbanks*, 478 P.2d 829, 831 (Alaska 1970) (footnote omitted); *see also Belland v. O.K. Lumber Co., Inc.*, 797 P.2d 638, 640 n.4 (Alaska 1990) ("A deed of trust in Alaska is treated as a lien against the property, much like a mortgage.").

[40] Docket 16 at 123, ¶ 39.

[41] Docket 13 at 8.

[42] Docket 13 at 8–9 (citing *Pulse v. N. Am. Land Title Co.*, 707 P.2d 1105, 1110 (Mont. 1985); *Miller v. U.S. Bank, N.A.*, 865 P.2d 536, 543 (Wash. Ct. App. 1994); *Lueras v. BAC Home Loans Serv'g, LP*, 163 Cal. Rptr. 3d 804, 816–17 (Cal. Ct. App. 2013)).

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 9 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 9 of 27

its conventional role as a mere lender of money."[43]   And "[t]he general rule in Washington is that a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists."[44] The approach taken in these states is consistent with Alaska's general rule that "[f]iduciary relationships are generally defined by a level of trust beyond that in ordinary business relationships."[45]

Wells Fargo further argues that an unpublished opinion, *Christianson v. First National Bank Alaska*, demonstrates the Alaska Supreme Court's intent to hold that the debtor-creditor relationship does not create a fiduciary duty.[46]   In *Christianson*, the Alaska Supreme Court affirmed the Superior Court's final resolution, after a bench trial, of several claims brought against a bank by a small business owner.[47]   The Alaska Supreme Court resolved the majority of the issues on appeal, including whether the Superior Court erroneously concluded that no

---

[43] *Lueras*, 163 Cal. Rptr. 3d at 816–17 (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991)).

[44] *Miller*, 865 P.2d at 543.  *But see id.* ("A quasi-fiduciary relationship may exist where the lender has superior knowledge and information, the borrower lacks such knowledge or business experience, the borrower relies on the lender's advice, and the lender knew the borrower was relying on the advice." (citing *Tokarz v. Frontier Fed. Sav. & Loan Ass'n*, 656 P.2d 1089 (Wash. Ct. App. 1982))).

[45] *Dapo v. State*, 454 P.3d 171, 179–80 (Alaska 2019) (quoting *Williams v. Baker*, 446 P.3d 336, 340 (Alaska 2019)).

[46] Docket 13 at 8 (citing No. S-13985/S-14005, 2012 WL 6062124 (Alaska Dec. 5, 2012)).

[47] 2012 WL 6062124, at *1.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 10 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 10 of 27

fiduciary relationship existed between the parties, with three sentences: "This case turns on the superior court's factual findings. After a review of the record, we conclude that the court's findings are not clearly erroneous, and we affirm them. And because the superior court's decision was thoughtful and generally thorough, we attach it as an appendix."[48] It is the appendix containing the Superior Court's order that Wells Fargo primarily cites in its briefing.[49] In that appended order, the Superior Court reasoned that "[t]he relationship between a bank and its customers is traditionally a debtor-creditor relationship which does not impose a fiduciary duty on the bank toward its customers."[50] Wells Fargo contends that this quoted statement "telegraph[s]" how the Alaska Supreme Court "is likely to rule."[51]

Although the Court does not place the same weight on *Christianson* as Wells Fargo, the Alaska Supreme Court's affirmation in that case demonstrates at least some degree of approval for the principle that an ordinary mortgagor-mortgagee relationship does not create a fiduciary duty. Accordingly, the Court concludes that the FAC's statement that "a mortgagee is a trustee for the mortgagor and is required to act in good faith and with absolute fairness to the mortgagor" is

---

[48] *Id.*

[49] *See, e.g.*, Docket 13 at 9 ("The Alaska Supreme Court's observations . . . .").

[50] *Christianson*, 2012 WL 6062124, at *21 (citing *Faith, Hope & Love, Inc. v. First Ala. Bank of Talladega Cty., N.A.*, 496 So. 2d 708, 711 (Ala. 1986); *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988)).

[51] Docket 13 at 8.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 11 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 11 of 27

insufficient to plead the existence of a fiduciary relationship between Mr. Kambic and Wells Fargo.

Mr. Kambic's opposition states that he does not claim "that Wells Fargo should have acted only in the best interests of Plaintiff, but only in a manner that two parties to a mortgage loan agreement would expect, i.e., a fiduciary standard duty of care in dealings, not the argued fiduciary duty of loyalty."[52] But Mr. Kambic does not cite any Alaska law to show that even such a limited duty exists between borrower and lender under a deed of trust. The Alaska Supreme Court has held that the "[t]he *trustee* under a deed of trust generally is regarded as owing a fiduciary duty to both the trustor and the beneficiary and is required to perform his duties impartially" and explained that "the trustee's management responsibilities under a deed of trust are less extensive than those of trustees in other fiduciary settings."[53] However, the Court is aware of no case that extends this limited duty to the lender as well as the trustee.[54]

---

[52] Docket 19 at 15–16; *see also* Docket 16 at 123, ¶ 39 (FAC alleging that Wells Fargo owed Mr. Kambic "a limited fiduciary duty").

[53] *McHugh v. Church*, 583 P.2d 210, 214 (Alaska 1978) (emphasis added); *see also Madden v. Alaska Mortg. Grp.*, 54 P.3d 265, 270 (Alaska 2002) ("[E]xisting authority strongly suggests that the duties of a trustee under a deed of trust are usually quite narrow: to conduct a fair sale in the event of the trustor's default.").

[54] The Court notes that the 2007 Deed of Trust names "Wells Fargo Financial National Bank" as trustee and that the September 2018 Notice of Default states that Sayer had replaced that entity as Successor Trustee. Docket 15 at 22 (Deed of Trust); Docket 15 at 53 (Notice of Default); *see also* Docket 16 at 122, ¶ 34 (FAC claiming breach of fiduciary duty by Sayer on basis that "[a] trustee owes a fiduciary duty to a homeowner before selling the homeowner's home").

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 12 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 12 of 27

The FAC alleges that "Wells Fargo knew of the trust and confidence that Plaintiff was placing in the loan officers and other individuals employed with Wells Fargo" during the loan modification process in 2018, and that Wells Fargo "knew or had reason to know that because Plaintiff was placing his trust and confidence in Wells Fargo and was relying on Wells Fargo and its counsel and to keep him informed, that it take no actions that would violated [sic] the fiduciary position in which it placed itself."[55]  Similarly, the FAC later alleges that "Wells Fargo knew that Plaintiff was relying on its counsel on how to proceed and what steps he needed to take," and that the bank "provid[ed] . . . advice and special services to Plaintiff."[56]  Mr. Kambic contends that these allegations, among others are sufficient to plead the existence of a fiduciary duty and that this claim should proceed.[57]

Wells Fargo replies that these "allegations . . . are mostly conclusions" that presuppose the existence of a fiduciary relationship and that the FAC states no specific facts to support them, but rather describes a relatively straightforward lender-borrower relationship.[58]  The Court agrees.  The FAC does not plead a factual basis for its conclusions regarding the relationship between Mr. Kambic and

---

[55] Docket 16 at 124, ¶ 47.

[56] Docket 16 at 124, ¶¶ 48–49.

[57] Docket 19 at 13, 15.

[58] Docket 24 at 4–5.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 13 of 27

Wells Fargo. For example, while the FAC alleges that Wells Fargo provided "special services" to Mr. Kambic, it nowhere explains what those special services were, when they were rendered, and by whom.[59] The FAC states that Wells Fargo employees "filed [sic] out the Mortgage Assistance Application" for Mr. Kambic "as they were aware that [he] was having a hard time with the process."[60] And the FAC states that "[d]uring the fall of 2018," Mr. Kambic and Wells Fargo employees "continued their discussions with respect to the loan reduction/modification" after Mr. Kambic "realized there was a problem with the amount of the new monthly payment."[61] However, the Court finds that helping customers fill out paperwork and discussing the terms of loan obligations fall squarely within a bank's ordinary course of business and that these services are not indicative of a "special confidence" between Wells Fargo and Mr. Kambic or of "a level of trust beyond that in ordinary business relationships."[62]

The FAC provides a "formulaic recitation of the elements" of a fiduciary relationship under Alaska law, but alleges no facts to show that the existence of such a relationship between Mr. Kambic and Wells Fargo is plausible.[63] The FAC

---

[59] Docket 16 at 124, ¶¶ 47–49.

[60] Docket 16 at 118–19, ¶ 10.

[61] Docket 16 at 119, ¶¶ 13–14.

[62] *Dapo v. State*, 454 P.3d 171, 179–80 (Alaska 2019) (quoting *Williams v. Baker*, 446 P.3d 336, 340 (Alaska 2019)).

[63] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 14 of 27

simply does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[64] The Court will therefore dismiss Claim 2 in the FAC without prejudice and with leave to amend.[65]

### 2. Claim 4: Quiet Title or, in the Alternative, Ejectment

Mr. Kambic's quiet title claim asserts that Defendants' allegedly illegal foreclosure on the Chugiak property is void and asks the Court to "quiet title and restore the Plaintiff's title to the Property."[66] The FAC alleges that Mr. Kambic is currently in possession of the Chugiak property but, in the event of a contrary finding, he alternatively seeks "to have . . . Wells Fargo ejected from the premises."[67]

Under Alaska law, plaintiffs seeking to quiet title must "show that they ha[ve] a substantial interest in the disputed parcel and that their interest [is] superior to [the defendant's] interest."[68] To succeed on a claim for ejectment, plaintiffs must

---

544, 555 (2007)).

[64] *Id.*

[65] Wells Fargo requests that Mr. Kambic's claim for breach of fiduciary duty be dismissed with prejudice, *see* Docket 13 at 11, but the Court will not deprive Mr. Kambic of an opportunity to amend his complaint to plead facts demonstrating a plausible basis for his claim that a fiduciary relationship existed between him and Wells Fargo.

[66] Docket 16 at 127, ¶¶ 63–64. Wells Fargo does not move for dismissal of Mr. Kambic's claim for violation of Alaska's foreclosure statutes. *See* Docket 13 at 2–3.

[67] Docket 16 at 127, ¶ 65.

[68] *Fink v. Municipality of Anchorage*, 379 P.3d 183, 190 (Alaska 2016); *see also* AS 09.45.010 ("A

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 15 of 27

"show that they ha[ve] a 'legal estate' in the property and 'a present right to possession of the property.'"[69]  "In a quiet title or ejectment action, the plaintiffs must prevail on the strength of their own title and not on the weakness of the defendants' title."[70]

Wells Fargo contends that Mr. Kambic's quiet title/ejectment claim must be dismissed because the FAC does not allege facts to show that his title is superior to Wells Fargo's.[71]  Wells Fargo's argument relies on the so-called "tender rule," which requires that "a plaintiff must satisfy their obligations under the deed of trust in order to maintain a quiet title claim."[72]  This Court has applied the tender rule to quiet title claims under Alaska law, explaining that "'other courts interpreting similar statutes have found that a borrower could not assert a quiet title claim against a lender without paying off the debt' because otherwise they are 'essentially asking the Court to "give [them] a free house."'"[73]  Recently, in *Dalby v. Ditech Financial,*

---

person in possession of real property . . . may bring an action against another who claims an adverse estate or interest in the property for the purpose of determining the claim.").

[69] *Id.* (quoting AS 09.45.630).

[70] *Id.*

[71] Docket 13 at 11–13.

[72] Docket 13 at 11 (quoting *Dalby v. Ditech Fin. LLC*, No. 3:19-cv-00003, 2019 WL 6179218, at *5 (D. Alaska Nov. 11, 20 2019); *see also Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1262 (D. Haw. 2012) ("[A] quiet title claim against a mortgagee (or purported servicer of the mortgagee) requires an allegation that Plaintiffs 'ha[ve] paid, or [are] able to tender, the amount of indebtedness.'" (second and third alterations in original) (quoting *Fed. Nat'l Mortg. Ass'n v. Kamakau*, No. 11-00475 JMS/BMK, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012))).

[73] *Dalby*, 2019 WL 6179218, at *5 (quoting *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051,

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 16 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 16 of 27

*LLP*, this Court dismissed a state-law quiet title claim where the complaint did not allege that the plaintiff had satisfied or was prepared to satisfy his debt, finding that he "ha[d] not plausibly alleged facts that, if proven, would establish that he has good title to the property."[74] Mr. Kambic does not respond to Wells Fargo's tender rule argument, contending only that his claim should not be dismissed because he has alleged that he is in possession of the property.[75]

The FAC does not allege that Mr. Kambic has satisfied his obligations under the deed of trust. Nor does the FAC allege facts to show that an exception to the tender rule applies.[76] Accordingly, the Court finds that Mr. Kambic has not alleged facts sufficient to show that his title to or interest in the Chugiak property is superior

---

1076 (D. Alaska 2012) and collecting cases).

[74] *Id.* at *6.

[75] *See* Docket 19 at 17–18. The Superior Court initially dismissed Mr. Kambic's quiet title claim as it was stated in the original Complaint for failure to allege possession. Docket 16 at 79.

[76] The Court recognized in *Dalby* that a potential exception to the tender rule applied where the foreclosure sale at issue was "void, as opposed to . . . voidable." 2019 WL 6179218, at *6 (quoting *Martinez v. Am.'s Wholesale Lender*, 446 F. App'x 940, 943 (9th Cir. 2011)). Under Alaska law, "[o]nly substantial defects such as the lack of a substantive basis to foreclose in the first place will make a sale void." *Rosenberg v. Smidt*, 727 P.2d 778, 783–84 (Alaska 1986)). In contrast, a foreclosure sale may be voidable due to "defects in the mechanics of the trustee's exercise of the power to foreclose." *Baskurt v. Beal*, 101 P.3d 1041, 1044 (Alaska 2004). Mr. Kambic has pled a procedural violation of Alaska's foreclosure law: that Defendants failed to mail the notice of default to his last known address pursuant to AS 34.20.070(c). Docket 16 at 126, ¶¶ 59–61 (claiming violation of Alaska foreclosure statutes); *see also* Docket 16 at 127, ¶ 63 (alleging foreclosure sale was "illegal and void" due to violation of AS 34.20.070). Assuming a violation of AS 34.20.070(c) for failure to properly notify Mr. Kambic, the foreclosure sale of the Chugiak property would be voidable, rather than void, *see Rosenberg*, 727 P.2d at 784 (holding that violation of AS 34.20.070(c) rendered sale voidable, not void), and the exception to the tender rule would not apply. Although Mr. Kambic has alleged that the foreclosure sale is "void," the Court is not required to accept legal conclusions in the FAC at face value.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 17 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 17 of 27

to Wells Fargo's and that he has therefore failed to state a claim for quiet title or ejectment on which relief can be granted. The Court will therefore dismiss Claim 4 in the FAC.

Wells Fargo requests the dismissal of this claim with prejudice. It contends that Mr. Kambic "fails to make a proffer of the facts he would allege to establish a tender, if he were granted leave to amend" and that the Court "should treat Wells Fargo's motion for judgment on the quiet title claim as unopposed" due to Mr. Kambic's failure to brief the issue.[77] Nevertheless, the Court will grant Mr. Kambic leave to amend the FAC to allege facts sufficient to show that the tender rule does not foreclose his claim because he "ha[s] paid, or [is] able to tender, the amount of indebtedness."[78]

### 3. Claim 5: Negligent Misrepresentation

Under Alaska law, the tort of negligent misrepresentation consists of four elements:

> First, the party accused of the misrepresentation must have made the statement "in the course of his [or her] business, profession or employment, or in any other transaction in which [s/]he has a pecuniary interest." Second, the representation must supply "false information." Third, there must be "justifiable reliance" on the false information supplied. Finally, the accused party must have failed "to

---

[77] Docket 24 at 6–7.

[78] *Klohs v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 1253, 1262 (D. Haw. 2012) (quoting *Fed. Nat'l Mortg. Ass'n v. Kamakau*, No. 11-00475 JMS/BMK, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012))).

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 18 of 27

exercise reasonable care or competence in obtaining or communicating the information."[79]

Wells Fargo contends that the FAC fails to allege facts sufficient to sustain the second, third, and fourth elements of negligent misrepresentation.[80]

Wells Fargo also contends that Mr. Kambic's negligent misrepresentation claim must meet the heightened standard imposed by Federal Rule of Civil Procedure 9(b).[81] Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this rule, "a pleading must identify 'the who, what, where, and how of the misconduct charged,' as well as 'what is false or misleading [about the purportedly fraudulent] statement, and why it is false.'"[82] In other words, "[f]actual allegations must include 'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"[83]

Mr. Kambic appears to argue that Rule 9(b) does not apply to his negligent misrepresentation claim, stating "Wells Fargo wishes to apply Federal Rule 9(b)'s

---

[79] *Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 671 (Alaska 2002) (alterations in original) (quoting *Bubbel v. Wien Air Alaska, Inc.*, 682 P.2d 374, 380 (Alaska 1984)).

[80] Docket 13 at 13–17.

[81] Docket 13 at 14.

[82] *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

[83] *Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343, 1352 (C.D. Cal. 2015) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 19 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 19 of 27

somewhat heightened pleading standard to Plaintiffs' entire complaint without sufficient basis or authority."[84]   The district court for the Southern District of California recently rejected this argument, holding that "a claim for negligent misrepresentation must meet the particularity requirement of Rule 9(b)."[85] However, the Ninth Circuit has never directly addressed the question, and district courts in the Circuit have reached conflicting conclusions.[86]   Under Alaska law, the tort of negligent misconduct is distinct from that of fraudulent, or intentional, misconduct due to its lack of a scienter requirement.[87]   This could be taken as an indication that Rule 9(b) should not apply to negligent misrepresentation claims, generally.[88]   However, in this case Mr. Kambic's claims for negligent and intentional misrepresentation are so closely intertwined as to be nearly identical

---

[84] Docket 19 at 12.

[85] *Hofer v. Wright Med. Tech., Inc.*, No. 3:18-cv-01991-AJB-BLM, 2019 WL 3936130, at *2 (S.D. Cal. Aug. 20, 2019) (quoting *Moorer v. Stemgenex Med. Grp., Inc.*, No. 16-CV-2816-AJB-NLS, 2017 WL 1281882, at *9 (S.D. Cal. Apr. 6, 2017)).  *But see Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416–18 (C.D. Cal. 2012) (noting that "the Ninth Circuit 'has not yet decided' the issue of whether negligent misrepresentation claims are subjected to Rule 9(b)," and concluding that they are not).

[86] *See Casey v. Wright Med. Tech., Inc.*, No. CV-19-05360-PHX-NVW, 2020 WL 736306, at *4–5 (D. Ariz. Feb. 13, 2020) (collecting cases).

[87] *See Recreational Data Servs., Inc. v. Trimble Navigation Ltd.*, 404 P.3d 120, 126 (Alaska 2017) ("The elements of negligent misrepresentation are essentially the same [as fraudulent misrepresentation], except that instead of scienter the plaintiff has to prove the defendant's lack of 'reasonable care when making the statement.'" (quoting *S. Alaska Carpenters Health & Sec. Tr. Fund v. Jones*, 177 P.3d 844, 857 (Alaska 2008))).

[88] *See Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 417–18 (C.D. Cal. 2012) (discussing California cases and reasoning that "because an allegation of negligent misrepresentation suggests only that the defendant failed to use *reasonable* care—an objective standard—it does not result in the kind of 'harm' that Rule 9(b) was designed to prevent").

---

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 20 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 20 of 27

and are premised on the same conduct, facts, and misrepresentations.[89]   And

many of the allegations that give rise to these claims focus on Wells Fargo's actual

knowledge or awareness of Mr. Kambic's situation.[90]   Under these circumstances,

the Court will apply Rule 9(b)'s pleading standard to Mr. Kambic's claim for

negligent misrepresentation in addition to his claim for intentional

misrepresentation.[91]

### A.    False Statement

Wells Fargo contends that Mr. Kambic fails to plead a false statement of

fact with sufficient particularity under the Rule 9(b) standard.[92]   Specifically, Wells

Fargo argues that the FAC fails to

---

[89] *Compare* Docket 16 at 127–28, ¶¶ 68–71, *with* Docket 16 at 128, ¶¶ 72–75.

[90] *See, e.g.*, Docket 16 at 121–22, ¶¶ 28–29.

[91] *See Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 453 (S.D.N.Y. 2017) (describing a "case-by-case approach" whereby courts "apply Rule 9(b) only where the specific claim of negligent misrepresentation at issue sounded in fraud, stressing that Rule 9(b) should apply only where 'the negligent misrepresentation claim is based on the same set of facts as those upon which a fraud claim is grounded" (quoting *Eaves v. Designs for Fin., Inc.*, F. Supp. 2d 229, 254–55 (S.D.N.Y. 2011); *Am. Realty Tr., Inc. v. Travelers Cas. And Sur. Co. of Am.*, 362 F. Supp. 2d 744, 752 (N.D. Tex. 2005) ("The Court has determined that Rule 9(b) operates to require dismissal of a negligent misrepresentation claim . . . when . . . the inadequate fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim."); *cf. Casey v. Wright Med. Tech., Inc.*, No. CV-19-05360-PHX-NVW, 2020 WL 736306, at *4–5 (D. Ariz. Feb. 13, 2020) (applying Rule 9(b) pleading standard to negligent misrepresentation claim when allegations "are more indicative of fraud than negligence, given their emphasis on Wright's knowledge of the issues that allegedly caused Casey's injuries, rather than what Wright reasonably should have known.").   Moreover, the Court notes that the Superior Court applied Alaska's analogue to Federal Rule of Civil Procedure 9(b) to Mr. Kambic's negligent misrepresentation claim when considering Wells Fargo's motion to dismiss the original Complaint. Docket 16 at 80.

[92] Docket 13 at 14.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 21 of 27

describe the words that were communicated to him, . . . state what was false about the communications[,] . . . identify[] the employees who communicated with him (even by title or gender), . . . alleg[e] whether there was a single false communication or multiple communications, [or] . . . alleg[e] whether the communications took place face-to-face, by telephone, or in writing.[93]

Wells Fargo perhaps requires too much of Mr. Kambic; as the Ninth Circuit has explained, "[a] pleading satisfies the particularity requirement of [Rule 9(b)] if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."[94]   But even under this standard, the FAC does not satisfy Rule 9(b).

The FAC simply does not allege *what* the misrepresentation underlying Mr. Kambic's claim was.   The portion of the FAC asserting the negligent misrepresentation claim states only that "Wells Fargo made statements to plaintiff in the course of its business in which it had a pecuniary interest.  The statements were false when it made them."[95]   The FAC's factual allegations do little to clarify the basis of Mr. Kambic's misrepresentation claims.  The FAC states that "[a]s a part of the loan assistance Plaintiff was seeking with Wells Fargo, Plaintiff was told he had to submit a Mortgage Assistance Application";[96] that "Plaintiff was ultimately

---

[93] Docket 13 at 14.

[94] *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (second alteration in original) (quoting *Deutsch v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987))

[95] Docket 16 at 127–28, ¶ 69.

[96] Docket 16 at 118, ¶ 9.

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 22 of 27

advised by [the Castro Valley, California] branch that a deal had been worked out to refinance the [Chugiak] Property and the loan reduction/modification had been put in place in the form of a 30-year fixed mortgage";[97] that "[d]uring the fall of 2018, Plaintiff and . . . Wells Fargo continued their discussions with respect to the loan reduction/modification";[98] and that "[b]ased on . . . Wells Fargo's representations, Plaintiff believed that there [sic] were working through the problems."[99] From these allegations the Court could infer that Mr. Kambic's negligent misrepresentation claim is premised on statements made to him by Castro Valley branch employees regarding the progress of the 2018 loan reduction/modification process. This was the Superior Court's reasoning when it denied Wells Fargo's motion to dismiss this claim from the original complaint.[100]

From the FAC's allegation's, the Court could instead infer that the negligent misrepresentation claim is premised on Wells Fargo's failure to inform Mr. Kambic of the proceedings to foreclose on the Chugiak property.[101] The failure to provide

---

[97] Docket 16 at 119, ¶ 12.

[98] Docket 16 at 119, ¶ 14.

[99] Docket 16 at 121, ¶ 22.

[100] *See* Docket 16 at 81.

[101] Wells Fargo contends that a misrepresentation claim requires an affirmative statement. Docket 24 at 8. However, the Alaska Supreme Court has recognized that both negligent and intentional misrepresentation can be premised on an omission where there was a duty to disclose the omitted information. *See Laybourn v. City of Wasilla*, 362 P.3d 447, 455 (Alaska 2015) ("To prevail on their misrepresentation claim, the Laybourns were required to prove the existence of either an affirmative misrepresentation or an omission where there was a duty to disclose." (footnotes omitted)). Such a duty "is rarely imposed where the parties deal at arm's length," *Valdez Fisheries*

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 23 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 23 of 27

Mr. Kambic with actual notice of the foreclosure is the central component of the entire action, and the FAC is replete with statements like "Wells Fargo used [its] knowledge to prevent plaintiff from knowing that Wells Fargo was foreclosing on his real property in Chugiak, Alaska,"[102] and that Wells Fargo failed to serve notice on Plaintiff's residential address in California even though it "knew or should have known Plaintiff was living" there.[103] This is the alleged misrepresentation that Mr. Kambic seems to identify in his opposition, contending that the FAC satisfies Rule 9(b) by claiming "that Wells Fargo, despite knowing where Plaintiff resided and that he was negotiating payment/refinancing on the home loan, failed to provide proper notice and foreclosed without proper notice of said foreclosure."[104]

However, under the heightened pleading standard of Rule 9(b), the FAC must do more than allow an inference. It must state a specific misrepresentation

---

*Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 672 (Alaska 2002) (quoting *Matthews v. Kincaid*, 746 P.2d 470, 472 (Alaska 1987)), but can arise where there is "a fiduciary or other similar relation of trust and confidence" between the parties. *Matthews*, 746 P.2d at 471 n.3 (quoting Restatement (Second) of Torts § 551(2)(a)).

[102] Docket 16 at 120, ¶ 16.

[103] Docket 16 at 121, ¶ 28.

[104] Docket 19 at 13; *see also* Docket 19 at 19 ("Wells Fargo did not serve Plaintiff at his last known address, did not disclose and with [sic] the knowledge from him of the foreclosure and went ahead and held the foreclosure sale of the property. This is a clear misrepresentation."). Mr. Kambic also appears to argue in his opposition that his two misrepresentation claims are premised on a provision of his mortgage agreement requiring that notice be given to the borrower prior to foreclosure. *See* Docket 19 at 19–20. This characterization of Mr. Kambic's misrepresentation claims is not supported by the FAC, which alleges no facts about the content of the mortgage agreement, and the Court will not address it in this order. *But see* Docket 13 at 16–17 (contending that "Plaintiff should not be permitted to avail himself of tort remedies for what is at most a contract claim.").

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 24 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 24 of 27

with sufficient particularity to put Wells Fargo on notice of the claims against it.[105]

The FAC does not satisfy this requirement; reviewing that document the Court is simply unable to discern a clear statement of the basis of Mr. Kambic's negligent misrepresentation claim.[106] The Court will therefore dismiss Claim 5 of the FAC without prejudice so that Mr. Kambic will have an opportunity to amend it in compliance with the federal pleading standards now applicable to the case.[107]

### 4. Claim 6: Intentional Misrepresentation

Under Alaska law, the elements of intentional misrepresentation are "(1) a misrepresentation of fact or intention, (2) made fraudulently (i.e., with scienter), (3) for the purpose of inducing another to act in reliance, (4) with justifiable reliance by the recipient, (5) causing loss."[108] The elements of an intentional

---

[105] *See, e.g.*, *Davies v. Broadcom Corp.*, 130 F. Supp. 3d 1343, 1351 (C.D. Cal. 2015).

[106] As evidence of this ambiguity, the Court notes that the Superior Court, reviewing the original complaint, characterized Mr. Kambic's claim differently than he, himself, appears to characterize it in his opposition to the instant motion.

[107] Because the Court finds that the FAC failed to plead a false statement, or omission, with sufficient particularity, this order does not discuss the remaining elements of a negligent misrepresentation claim. However, the Court notes that, contrary to Wells Fargo's characterization, the FAC does not "concede[] [Mr. Kambic] could not afford his payments because of financial difficulties caused by a divorce and business problems," Docket 13 at 15, but rather pled facts which, viewed in the light most favorable to Mr. Kambic, indicate that he would have taken steps to halt foreclosure had he received notice, potentially including the payment of his debt. *See* Docket 16 at 121, ¶ 26 (alleging that Mr. Kambic "was not given the opportunity to challenge the Notice of Default or debt as required by law."); Docket 16 at 126, ¶ 60 (alleging that Mr. Kambic was deprived of the opportunity to "stop the foreclosure and sale of the Property" by "paying his arrears, plus attorney's fees and other foreclosure fees and costs" because he never received the Notice of Default).

[108] *Brooks Range Petrol. Corp. v. Shearer*, 425 P.3d 65, 72 n.23 (Alaska 2018) (quoting *Anchorage Chrysler Ctr., Inc. v. DaimlerChrysler Motors Corp. (Anchorage Chrysler II)*, 221 P.3d 977, 987–

---

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 25 of 27

misrepresentation claim "are essentially the same" as negligent misrepresentation, but for the addition of the "scienter" requirement.[109]

Mr. Kambic's intentional misrepresentation claim suffers from the same deficiencies as his negligent misrepresentation claim. The FAC states the intentional misrepresentation claim in a similarly vague manner,[110] and the FAC's factual allegations do not clearly articulate the misrepresentation on which the claim rests. For the same reasons, then, the FAC fails to state a claim for intentional misrepresentation with sufficient particularity to satisfy Rule 9(b).[111] The Court will therefore dismiss Claim 6 of the FAC without prejudice so that Mr. Kambic will have an opportunity to amend it in compliance with federal pleading standards.

## CONCLUSION

In light of the foregoing, Plaintiff and Counterclaim Defendant Wells Fargo's Motion for Judgment on the Pleadings on First Amended Complaint Pursuant to Fed. R. Civ. P. 12(c) at Docket 13 is GRANTED as follows: Claims 2, 4, 5, and 6 in the FAC are DISMISSED without prejudice and with leave to amend.

---

88 (Alaska 2009)).

[109] *Recreational Data Servs., Inc. v. Trimble Navigation Ltd.*, 404 P.3d 120, 126 (Alaska 2017) (quoting *Lightle v. State, Real Estate Comm'n*, 146 P.3d 980, 983 (Alaska 2006)).

[110] *Compare* Docket 16 at 127–28, ¶¶ 68–71, *with* Docket 16 at 128, ¶¶ 72–75; *see also* Docket 19 at 18–20.

[111] *See* Docket 13 at 17 ("For the reasons explained above [in the negligent misrepresentation section], Plaintiff's allegations fall well short of Rule 9(b)'s specificity requirements.").

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 26 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 26 of 27

If Mr. Kambic does not file a Second Amended Complaint by **September 25, 2020**, Claims 2, 4, 5, and 6 in the FAC will be dismissed with prejudice. The remaining claims in the FAC will not be affected by any such dismissal.

Wells Fargo's Motion for Judicial Notice of Documents in Support of Motion for Judgment on the Pleadings on First Amended Complaint Pursuant to Fed. R. Civ. P. 12(c) at Docket 15 is also GRANTED.

DATED this 26th day of August, 2020 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

*Kambic v. Wells Fargo, et al.*, Case No. 3:20-cv-00120-SLG,
Order re Motion for Judgment on the Pleadings
Page 27 of 27

Case 3:20-cv-00120-SLG   Document 38   Filed 08/26/20   Page 27 of 27