# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WILLIAM J. KAMBIC, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.,*<br><br>    Defendants.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>WILLIAM J. KAMBIC, JR.,<br><br>    Counterclaim-Defendant. | Case No. 3:20-cv-00120-SLG |

## ORDER REGARDING PRELIMINARY INJUNCTION

Before the Court at Docket 68 is Defendant/Counterclaimant Wells Fargo Bank, N.A.,'s Motion for Preliminary Injunction. Plaintiff/Counterdefendant William J. Kambic, Jr. responded in opposition at Docket 76. Wells Fargo filed a reply at Docket 78.[1] Oral argument was not requested and was not necessary to the Court's determination.

## I.  Background

Wells Fargo is the owner of record of the house and real property located at 18435 Jasmine Road in Chugiak, Alaska.[2]  Mr. Kambic asserts that he is the

---

[1] At Docket 79, Wells Fargo filed a correction to its reply; at Docket 83, it filed a supplemental

rightful owner; he has maintained exclusive possession of the property.[3] On December 16, 2020, Mr. Kambic's attorney notified Wells Fargo's attorney that Mr. Kambic had returned to the property to find serious water damage caused by leaks.[4] The cost to repair the damage was estimated at $100,000 to $150,000; Mr. Kambic had already contacted Taylored Restoration to inspect the damage and provide repairs.[5] The next day, Wells Fargo proposed a stipulation to Mr. Kambic, which would have required Mr. Kambic to allow Wells Fargo's agents and an appraiser to enter and inspect the property, would have allowed contractors hired by Wells Fargo to enter the property and perform repair work without interference, and would have prevented Mr. Kambic from hiring contractors himself.[6] Mr. Kambic did not respond to the proposed stipulation.[7]

Wells Fargo's instant motion seeks an order giving it exclusive possession of the property and enjoining Mr. Kambic from "performing repair, restoration, or remediation work related to the Water Damage," from soliciting bids or entering into contracts to repair the damage, from interfering with Wells Fargo's actions to

---

declaration of counsel. Mr. Kambic's counsel filed a declaration regarding the motion at Docket 77.

[2] Docket 56-6 at 16 (Trustee's Deed).

[3] Docket 76 at 2.

[4] Docket 68 at 3.

[5] Docket 68 at 3.

[6] Docket 68 at 3; Docket 68-1 at 4–9.

[7] Docket 68 at 4.

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 2 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 2 of 7

repair the damage, and from "impeding Wells Fargo's access to the Property."[8] On December 23, 2020, the Court ordered Mr. Kambic to allow Wells Fargo's agent and appraiser to inspect the property on December 28, 2020 and ordered Mr. Kambic to provide Wells Fargo with copies of all insurance policies that could potentially cover the water damage at the property.[9]

## II.     Legal standard

In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[10] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[11]  Thus, a plaintiff "must demonstrate that in the absence of a preliminary injunction, 'the [plaintiff] is likely to suffer irreparable harm before a decision on the merits can be rendered.'"[12]  "Speculative injury does not constitute

---

[8] Docket 68-3 at 2–3 (Proposed Order).

[9] Docket 74.

[10] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[11] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[12] *Winter*, 555 U.S. at 22 (quoting 11A Wright & Miller, *Federal Practice and Procedure* § 2948.1 (3d ed. rev. 2014)).

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 3 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 3 of 7

irreparable injury . . . a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."[13]  Moreover, "[t]here must be a 'sufficient causal connection' between the alleged irreparable harm and the activity to be enjoined," such as a "showing that 'the requested injunction would forestall' the irreparable harm . . . ."[14]  Injunctive relief is an equitable remedy, and "'[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case.'"[15]

### III. Wells Fargo has not established a likelihood of irreparable injury in the absence of a preliminary injunction.

In its motion, Wells Fargo contended that it would suffer irreparable injury because the water damage caused by the leaks may result in "mold and wood rot, and . . . there may be additional leaks."[16]  Wells Fargo sought then limit physical damage to the property so as "[t]o protect its interest and investment in the Property."[17]  In Mr. Kambic's response, he indicated through counsel that he had "taken the immediate steps necessary to address the current water issues and

---

[13] *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis omitted) (citing *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) and *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

[14] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 819 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981–82 (9th Cir. 2011)).

[15] *Sierra Forest Legacy*, 577 F.3d at 1022 (quoting *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[16] Docket 68 at 6.

[17] Docket 68 at 4.  In its December 23, 2020 order, the Court found that Wells Fargo "is likely to suffer irreparable harm if it is not promptly accorded the right to inspect the property." Docket 74 at 2.

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 4 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 4 of 7

prevent further harm" and that his insurance company had directed him "to bring in Taylored Restoration Services immediately."[18] In its reply, Wells Fargo also indicates that Taylored Restoration has already begun work on the property.[19] In light of that development, Wells Fargo maintains in its reply that it will suffer irreparable injury because it will be left "to pay contractors it did not retain or supervise, for work it did not consent to. Unpaid contractors and suppliers would have the right . . . to file mechanic's liens, . . . [and] such liens would seriously impair the value of the property."[20] Wells Fargo asserts that Mr. Kambic does not have the personal funds to pay for the repairs and that his insurance company may not pay for the anticipated repairs.[21]

It is well established that a "claim of mere financial hardship does not establish irreparable harm,"[22] and that "[m]onetary injury is not normally considered irreparable."[23] In its reply, Wells Fargo asserts only that it will suffer financial harm,

---

[18] Docket 76 at 19, 20.

[19] Docket 78 at 2.

[20] Docket 87 at 3. In its reply, Wells Fargo also asserted that without a preliminary injunction, it would be unable to pursue a claim for the water damage through its own insurance policy on the property. Docket 78 at 4. However, Wells Fargo promptly corrected that statement; it appears it does not have a policy of insurance for the subject property. Docket 79 at 2.

[21] Docket 78 at 2–3; *see also* Supplemental Declaration at Docket 83.

[22] *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) (citing *Elias v. Connett*, 908 F.2d 521, 526 (9th Cir. 1990)). This is not an instance where Wells Fargo is "living in dire circumstances," which may warrant a departure from the standard rule. *See, e.g., Calvillo Manriquez v. Devos*, 345 F. Supp. 3d 1077, 1107 (N.D. Cal. 2018).

[23] *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019) (quoting *L.A. Mem'l Coliseum Comm'n*, 634 F.2d at 1202).

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 5 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 5 of 7

maintaining that it will likely have to pay contractors directly or pay off mechanics' liens.[24] Wells Fargo emphasizes that "[a] damages remedy would be grossly insufficient because all indications are that Kambic has no assets to satisfy a judgment."[25] The Court acknowledges that "a district court has authority to issue a preliminary injunction where the [moving party] can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant . . . ."[26] But Wells Fargo has not established a likelihood of impending insolvency on the part of Mr. Kambic. Instead, the potential financial harm to Wells Fargo is contingent on the amount of damage to the property, the cost of repairs, the actions of Mr. Kambic's insurance company, and Mr. Kambic's current financial situation.[27]

The Court finds that Wells Fargo has not established that it is likely to suffer imminent irreparable harm absent a preliminary injunction. Because showing an irreparable injury is mandatory, the Court does not consider the remaining elements for a preliminary injunction.[28]

---

[24] Docket 78 at 2–3.

[25] Docket 78 at 3.

[26] *Hilao v. Marcos (In re Estate of Ferdinand Marcos)*, 25 F.3d 1467, 1480 (9th Cir. 1994).

[27] *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) ("An injunction will not issue if the person or entity seeking injunctive relief shows a 'mere possibility of some remote future injury,' or a 'conjectural or hypothetical' injury," (quoting *Winter*, 555 U.S. at 22 and citing *City of L.A. v. Lyons*, 461 U.S. 95, 102, 106 n.7 (1983))).

[28] *See Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1378 (9th Cir. 1985) ("The district court's finding that plaintiff failed to show a significant threat of irreparable injury is not clearly erroneous. Because such a showing is a prerequisite to a preliminary injunction, we

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 6 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 6 of 7

In light of the foregoing, the motion at Docket 68 is DENIED.

DATED this 19th day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

need not decide whether plaintiff will eventually prevail in its claims."). *See also Wooten v. BNSF Ry. Co.*, Case No. CV 16-139-M-DLC-JLC, 2017 WL 1066630, at *3, (D. Mont. March 16, 2017) ("Because Wooten has not established the likelihood that he will suffer irreparable harm if a preliminary injunction or temporary restraining order is not issued, the court need not consider the three remaining *Winter* elements and his motion should be denied.").

Case No. 3:20-cv-00120-SLG, *Kambic v. Wells Fargo Bank, N.A.*
Order Re Preliminary Injunction
Page 7 of 7
Case 3:20-cv-00120-SLG   Document 84   Filed 01/19/21   Page 7 of 7